UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 02-4448

JAMES MARSHALL MCLEAN,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-96-6)

Submitted: December 16, 2002

Decided: December 23, 2002

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Paul A.
Weinman, Assistant United States Attorney, Greensboro, North Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

James Marshall McLean appeals the district court's judgment revoking his term of supervised release and sentencing him to twenty-four months in prison. McLean's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that he is not aware of any meritorious issues for appeal, but asserting the district court erred by imposing a twenty-four month sentence. Finding no error, we affirm.

This court reviews the district court's decision to revoke a defendant's supervised release for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2000). Upon finding a violation of the terms of supervised release, the district court may resentence the defendant to serve in prison all or part of the term of supervised released authorized by the statute for the offense or conviction. *Id.* Where as here, the original offense of conviction was a class C felony, the defendant may not be required to serve more than two years in prison. *Id.*

The uncontroverted evidence established that McLean violated several conditions of his probation. In fact, McLean admitted to all of the violations listed in the Government's motion to revoke his term of supervised release. Because the district court imposed a sentence that did not exceed the maximum term of imprisonment authorized by the statute, the district court did not abuse its discretion in sentencing McLean to twenty-four months of imprisonment.

As required by *Anders*, we have reviewed the record and conclude that there are no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the

Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*